UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Ashanti Felder, | ) | CASE NO.: 1:07CV1535 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN ADAMS |
| | ) | |
| | ) | |
| | ) | |
| Ohio Adult Parole Authority, | ) | **ORDER AND DECISION** |
| | ) | |
| Respondent. | ) | |
| | ) | |

      This matter appears before the Court on objections to the Report and Recommendation of the Magistrate Judge filed by Petitioner Ashanti Felder. Upon due consideration, the Court overrules the objections and adopts the Report and recommended findings and conclusions of the Magistrate Judge and incorporates them herein. Therefore, it is ordered that the petition is hereby DENIED.

### I.    Introduction

      While voluminous, Felder's objections add little or nothing to his prior arguments. The Court initially notes that Felder contends that he objects to "each and every finding" made in the Report. For example, Felder contends that the Magistrate Judge failed to take into account the state appellate court's failure to accurately recite the trial transcript. Felder misrepresents the material contained in the Report and Recommendation. The Magistrate Judge clearly dealt with the issues argued by Felder with respect to what the trial transcript did or did not contain. The

Court finds no error in the Magistrate Judge's resolution of those issues. In that respect, the Court will only address contentions that challenge the Report. The Court will not entertain the objections which simply restate the legal arguments rejected by the Report.

### II. Legal Standard

The AEDPA sets forth the standard of review for the merits of a petition for the writ of habeas corpus. The AEDPA provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]

28 U.S.C. § 2254(d)(1). The Supreme Court has clarified the language of 28 U.S.C. § 2254(d) and stated as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). Furthermore, the Court declared that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409. Elaborating on the term "objectively unreasonable," the Court stated that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411; *see also Bailey v. Mitchell*, 271

F.3d 652, 655-56 (6th Cir. 2001).

### III. Legal Analysis

1. Motion to suppress

Felder first contends that the Magistrate erred in determining that the trial court had given him a full opportunity to address his motion to suppress. Specifically, Felder contends that he challenged his *initial* arrest and that the trial court refused to entertain evidence with respect to that arrest. The objection fails for numerous reasons.

First, the evidence seized by law enforcement following Felder's arrest was seized during a consensual search. Assuming arguendo that Felder's initial rest was unlawful does not automatically render his consent involuntary. Instead, a court must analyze whether the consent was a sufficient act of free will to purge the primary taint of the alleged illegal arrest. Here, it is clear that the consent was not tainted. Felder did not consent to the search for more than four hours after his arrest. There is no evidence of any type of coercion attached to the consent, and the record makes clear that Felder was read his *Miranda* rights prior to issuing consent. Accordingly, assuming for the sake of argument that the trial court's suppression procedures were insufficient, Felder has failed to establish that any evidence would have been suppressed. As such, he has failed to demonstrate any prejudice. In conclusion, the Court notes that the record also contains sufficient evidence to demonstrate that Felder's arrest was lawful, but the Court need not conduct that analysis. Based upon the above, Felder's objections regarding the motion to suppress issue are overruled.

2. Confrontation Clause

Felder next contends that the Magistrate conducted an improper harmless error analysis on his claimed violation of the Confrontation Clause. This Court finds no error.

First, it is highly doubtful that Felder demonstrated a violation of the Confrontation Clause. Several detectives testified that they learned that Felder leased the apartment at issue. The officers did not introduce statements of any third parties, but merely indicated what they had learned during the course of their investigation. It was not until Felder's cross-examination that the officers indicated that the property manager had informed them that Felder leased the apartment. To that extent, the state appellate court properly concluded that Felder had invited, at least in part, the error of which he complains.

Moreover, the Magistrate more than adequately determined that any such error was harmless. The Magistrate properly recited the harmless error standard and applied that standard to the facts. Contrary to Felder's contentions, the record overwhelmingly demonstrates his dominion and control over the apartment. For example, Felder signed the consent form to search the apartment and specifically asked officers not to "mess up" his things. As such, any error in the introduction of the property manager's statement was harmless.

3. Prosecutorial Misconduct

Felder next contends that the Magistrate failed to consider the full extent of the alleged prosecutorial misconduct. The Court again finds no error.

The Magistrate found that the state appellate court's decision was not an unreasonable application of existing law. Felder has offered no argument that this was in error. Instead, he reiterates the exact argument contained in his petition and traverse. Having failed to identify any error in the Magistrate's Report, Felder's objection on this issue is overruled.

4. Remaining Objections

Felder's remaining objections challenge the Magistrate's conclusions regarding his claimed error involving the jury members, the jury instructions, and the sufficiency of the

evidence. Felder again just reiterates the arguments contained in his petition and traverse. The Magistrate properly disposed of these arguments and Felder has offered no argument to support rejecting the Report. Accordingly, the objections are overruled.

### IV. Conclusion

Having found no merit to the objections raised by Felder, the Court ADOPTS the Magistrate Judge's Report in its entirety. The Petition is DENIED.

The Court certifies, pursuant to 28 U.S.C. § 1915(A)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.

This Order is entered pursuant to Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.


November 9, 2009        */s/ John R. Adams*
       JUDGE JOHN R. ADAMS
       UNITED STATES DISTRICT JUDGE